Argued and submitted July 22, reversed November 30, 1983

## The BANK OF CALIFORNIA,
*Respondent,*

*v.*

## LIVINGSTON et al,
*Defendants,*

## The INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,
*Appellant.*

### (A8104-02360; CA A26565)

672 P2d 386

Jonathan M. Hoffman, Portland, argued the cause for appellant. With him on the briefs was Martin, Bischoff, Templeton, Biggs & Ericsson.

John A. Shelley, Portland, argued the cause for respondent. With him on the brief was Black, Helterline, Beck & Rappleyea, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

This is an action for recovery under a Breach of Warranty endorsement (BOW) on an insurance policy covering an airplane. Plaintiff sought to recover $243,419.92 from defendants. Plaintiff and The Insurance Company of the State of Pennsylvania (Company) filed cross-motions for summary judgment. The trial court granted plaintiff's motion, denied Company's motion and entered judgment for plaintiff.[1] We reverse.

On May 23, 1979, Livingston purchased an airplane for approximately $320,000. He financed $256,311 of the purchase price through plaintiff. Company issued to Livingston, as owner-lessor, and Robert and Larry Pounders, as lessees, a policy insuring the airplane. The policy, which became effective July 30, 1980, included a BOW endorsement naming plaintiff as lienholder. On August 10, 1980, the airplane crashed.

Section 2 of the BOW is a limitation of liability clause:

"2. The liability of the Company to any Lienholder under the provisions of Paragraph 1 of this endorsement shall not exceed:

"(a) the unpaid balance due on liens pertaining to the aircraft less unearned interest and unpaid installments more than 10 days overdue on the date of loss or damage if any balance remains after the Lienholder has used all reasonable means to collect amounts due from the Named Insured; nor

"(b) the amount of lien recited in paragraph 6 of this endorsement, which would have remained unpaid at the time of the loss or damage had all payments been made when not more than 10 days overdue; nor

"(c) the Insured Value of the aircraft as stated in this policy, whichever is less."

When plaintiff sued on the insurance policy to recover the amount of its lien, Company, by an affirmative defense, contended that under Section 2(a) plaintiff first had

---

[1] The trial court determined, pursuant to ORCP 67B, that there was no just reason to delay entry of final judgment.

to show that it had used reasonable efforts to collect the balance of its outstanding lien from Livingston. The trial court determined that the "amounts due" language of Section 2(a) relates solely to payments which are "more than 10 days overdue," and not to the balance on the note. There were no payments overdue, so the trial court determined that Company was liable for the outstanding balance of the lien.

Plaintiff's primary argument, which the trial court found convincing, is that Section 2(a) of the BOW is ambiguous and should be construed against Company. The language "used all means to collect amounts due from the Named Insured," argues plaintiff, could relate either to the outstanding balance of the lien or to the "unpaid installments more than 10 days overdue on the date of the loss or damage." We disagree. The language makes little sense if it is read only to require plaintiff to make a reasonable effort to collect installments that are more than ten days overdue, because, by the terms of Section 2(a), such unpaid installments have already been deducted from the "unpaid balance due on liens pertaining to the aircraft."[2]

Because of our disposition of this issue, we need not reach Company's second assignment of error.

Reversed and remanded.

---

[2] Plaintiff also argues that the summary judgment should be affirmed because the only representation with respect to coverage that it received prior to the date of loss was a Telex dated July 31, 1980, from Company's agent, indicating that, effective July 30, 1980, the company would provide BOW coverage in favor of plaintiff in the amount of $256,311. Plaintiff urges that, because the BOW endorsement was not issued by Company until August 12, 1980, and was not received until after that date, it did not have the opportunity to review the endorsement prior to the loss. Therefore, plaintiff argues, the Telex was the only insurance policy in existence at the time of the loss. Plaintiff, however, sued to recover its loss under the BOW, and its argument, raised for the first time on appeal, is outside the scope of the pleadings.

Additionally, ORS 743.075(1) provides:

"Binders or other contracts for temporary insurance may be made orally or in writing, and shall be deemed to include all the usual terms of the policy as to which the binder was given together with such applicable endorsements as are designated in the binder, except as superseded by the clear and express terms of the binder."

Under Oregon law, there is a presumption that a binder includes those terms that are usually contained in the policy for which the binder was issued. *Cleveland Oil Co. v. Norwich Ins. Society,* 34 Or 228, 236, 55 P 435 (1898). Plaintiff made no showing on its motion for summary judgment that the BOW issued is inconsistent with the terms and conditions of a policy covering similar risks.